[Civ. No. 431.    Second Appellate District.—December 20, 1907.]

E. C. WEBSTER, Appellant, v. ANNA N. GIBSON and J. N. GIBSON, Respondents.

SPECIFIC PERFORMANCE—SUPPORT OF FINDINGS AND JUDGMENT.—In this action for specific performance it is held that the evidence sustains the findings of the court, that the signature of defendant wife, as owner, was procured by fraudulent representations of the plaintiff, that the price fixed was not the full value of the property, that an escrow agreed by her husband with plaintiff was not authorized by her, that by the terms thereof, if the title was not found unencumbered, the escrow was to be at an end, that it

was found encumbered, and that plaintiff did not accept the same, and that the parties were placed *in statu quo*, by the company holding the escrow, and that the judgment for defendants is fully warranted by the findings.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. N. P. Conrey, Judge.

The facts are stated in the opinion of the court.

Kemp & Collier, for Appellant.

Munson & Barclay, for Respondents.

ALLEN, P. J.—Action for specific performance. Judgment for defendants. Appeal from judgment and an order denying a new trial.

The material facts involved, as found by the court, were. that on March 21, 1905, defendant Anna Gibson was the owner of certain real property; that on said date she signed a receipt for $100, acknowledging the same as part payment on account of a sale by her to plaintiff of said property; that the total consideration price was $4,900; of this sum $2,900 was to be paid on production of a certificate of title and delivery of a deed, and the balance to be secured by mortgage, drawing six per cent interest on a part of the premises sold. No time was specified in this agreement within which the same should be performed.

The court found the signature of Mrs. Gibson to have been procured by misrepresentation in relation to certain material facts involved in the transaction. Subsequently to the execution of the instrument, Mrs. Gibson acknowledged the deed conveying said premises to plaintiff and left the same with a notary, without instructions, intending, however, that the same should be by some person delivered to the purchaser in performance of her agreement. Subsequently, on April 14, 1905, the husband, without instructions from the wife, obtained possession of the deed and on said date he and the plaintiff executed to an abstract company certain written escrow instructions relative to its delivery, among which instructions it is stated that if the abstract company could,

within fifteen days, write an unlimited certificate showing the title to be free of encumbrance, except taxes for the current year, it should deliver the deed to plaintiff and pay to defendant Anna Gibson the $2,900 purchase money and deliver to her the mortgage. It was further stipulated that unless such abstract company could write such certificate within fifteen days it should return the money and mortgage to plaintiff. It appears that the title was in such condition, by reason of certain building restrictions theretofore imposed upon the premises, that the abstract company could not write such certificate, and the title was not free and unencumbered in defendant. That on May 3d notice of the condition of the title was communicated to all parties, and plaintiff was notified that unless he was willing, within twenty-four hours, to accept the title in its then condition that the deed would be returned to the defendant; that plaintiff did not agree to accept such title within the time specified, and thereupon, on May 5th, the deed was returned to the defendants, and the money and mortgage restored to plaintiff; that on the day following the defendant tendered to plaintiff the $100 received under the original receipt, which he refused to accept; that no subsequent tender of the money or mortgage was ever made by plaintiff to said Anna Gibson, and she is not able to transfer a good and sufficient title to plaintiff; that the terms of said original agreement were not just and equitable; that the sum of $4,900 was not the full value of the premises at the date of the execution of the said agreement.

There is testimony in the record tending to support each and every finding above mentioned, and such findings support the judgment. Viewing the case presented by the record from any point, the judgment should be affirmed. Assuming the correctness of plaintiff's position—that certain findings have no support from the evidence, and therefore it is but just to say that the husband was the authorized agent of the wife, and that all of his acts were by her authority—it still appears that the written agreement of the wife as subsequently modified by the escrow agreement signed by the husband alone, all of which instruments, if considered at all, should be read together, is an agreement that unless a certificate showing an unencumbered title should be signed by the abstract company within fifteen days from April 15th, the transaction was at an end. There is evidence in the record

that plaintiff refused to accept the title as shown by the certificate, and thereupon the abstract company holding the papers and money in escrow, acting under the instructions given by the parties, surrendered to each the papers and money to which they were respectively entitled. We believe, however, that the court was warranted from the evidence in finding that the original transaction was tainted with fraud, practiced by plaintiff, and that the husband was in no respect the agent of his wife, and that the price agreed to be paid was not the full value of the said premises, and that defendant was not able to convey a good and sufficient title; all of which being true, no judgment other than that rendered would be warranted.

We have examined the specifications of error alleged to have occurred at the trial, and find nothing prejudicial therein.

The judgment and order are affirmed.

Shaw, J., and Taggart, J., concurred.